IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**COUNTRYMAN NEVADA, LLC**,

      Plaintiff,

      v.

**DOE-73.164.181.226**,

      Defendant.

Case No. 3:15-cv-00433-SI

**OPINION AND ORDER**

Carl D. Crowell, CROWELL LAW, 943 Liberty St., SE, P.O. Box 923, Salem, OR 97308-0923. Of Attorneys for Plaintiff.

Leslie W. O'Leary, Linda C. Love, and Michael L. Williams, WILLIAMS O'LEARY, LLC, 1500 SW First Ave. Suite 800, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Plaintiff Countryman Nevada, LLC ("Countryman") brings this action against Defendant, identified as Doe-73.164.181.226.[1] Countryman alleges that Defendant copied and distributed Countryman's motion picture *The Necessary Death of Charlie Countryman* ("*NDCC*") through a public BitTorrent network in violation of Countryman's exclusive rights under the Copyright

---

[1] The Court previously granted Defendant's Unopposed Motion to Proceed Anonymously. Dkt. 13.

PAGE 1 – OPINION AND ORDER

Act. Countryman now moves for judgment on the pleadings. Defendant has no objections.[2] Accordingly, the Court grants Countryman's motion.

## STANDARDS

A Rule 12(c) "motion for judgment on the pleadings faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Dismissal for failure to state a claim under Rule 12(b)(6) "is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). In addition, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (*Iqbal* standard applies to review of Rule 12(c) motions).

## BACKGROUND

Countryman holds the registered copyright to the motion picture *NDCC*. Dkt. 14 at 2. Defendant admits that he used his wife's computer to participate in peer-to-peer BitTorrent file sharing and to download *NDCC* without Countryman's knowledge or permission. Dkt. 17 at 1. Pursuant to 17 U.S.C. § 504(c), Countryman now asks for the minimum statutory damages of $750. Countryman also asks for injunctive relief under 17 U.S.C. §§ 502 and 503 to prohibit

---

[2] Defendant notes that Countryman's motion was unnecessary because Defendant admitted his liability and attempted to settle the case by offering statutory damages, attorney fees, court costs, and compliance with an injunction. Defendant reserves his right to object to Plaintiff's attorney's motion for attorney fees.

PAGE 2 – OPINION AND ORDER

Defendant from further infringing on Countryman's copyrights and to require Defendant to destroy all copies of *NDCC* made in violation of Countryman's rights.

## DISCUSSION

Countryman has proven copyright infringement by Defendant. To prove copyright infringement, "the plaintiff must show ownership of the copyright and copying by the defendant." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 817 (9th Cir. 2003) (citation omitted); *see* 17 U.S.C. §§ 106(1), 501(a). Defendant admits that Countryman holds the registered copyright at issue and further admits that he copied the copyrighted material. Countryman thus has established copyright infringement and may recover the minimum statutory damages of $750 that it requests. *See* 17 U.S.C. § 504(c)(1).

The Court declines to decide whether Defendant acted willfully or recklessly because Plaintiff has not requested any increase in statutory damages that such actions might permit. *See* 17 U.S.C. § 504(c)(2). Similarly, Defendant has not requested any decrease in statutory damages due to a lack of knowledge and lack of reason to know that his actions constituted copyright infringement. *See id.*

Defendant also admits that the case merits injunctive relief under 17 U.S.C. §§ 502 and 503. Dkt. 17 ¶ 6. Under these sections, the Court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *Id.* § 502. The Court may also "order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." *Id.* § 503(b). Because Defendant accepts Countryman's request for injunctive relief, the Court orders a permanent injunction enjoining Defendant from directly, indirectly, or contributorily infringing on Countryman's rights, including without limitation by using the internet to reproduce or copy Countryman's motion picture *NDCC*, to distribute *NDCC*, or to

PAGE 3 – OPINION AND ORDER

make *NDCC* available for distribution to the public except pursuant to a lawful license or with the express authority of Countyman. The Court also orders Defendant to destroy all his unauthorized copies of *NDCC*.

## CONCLUSION

The Court GRANTS Defendant Countryman's motion for judgment on the pleadings. Dkt. 18. Defendant is ordered to (1) pay Countryman statutory damages of $750; (2) cease all activities infringing on Countryman's rights in *NDCC*; and (3) destroy all Defendant's unauthorized copies of *NDCC*.

**IT IS SO ORDERED**.

DATED this 8th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge