# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **COUNTRYMAN NEVADA, LLC**, | Case No. 3:15-cv-433-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **DOE-73.164.181.226**, | |
| Defendant. | |

Carl D. Crowell, CROWELL LAW, P.O. Box 923, 943 Liberty Street SE, Salem, OR 97308. Of Attorneys for Plaintiff.

Linda C. Love, WILLIAMS O'LEARY LLC, 1500 SW First Avenue, Suite 800, Portland, OR 97201. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Plaintiff, Countryman Nevada, LLC ("Countryman"), brought this action for copyright infringement, alleging unlawful copying and distribution of Countryman's motion picture *The Necessary Death of Charlie Countryman* ("*NDCC*") in violation of Plaintiff's rights under the Copyright Act, 17 U.S.C. §§ 101, *et seq*. After granting Plaintiff's motion for judgment on the pleadings, the Court entered judgment in favor of Plaintiff. Before the Court is Plaintiff's motion for an award of attorney's fees in the amount of $8,767.20 and for costs in the amount of $684. Defendant opposes Plaintiff's motion, arguing that Plaintiff should only be awarded attorney's

fees in the amount of $2,896 and costs in the amount of $570. Defendant also cross moves for

Defendant's attorney's fees under 28 U.S.C. § 1927 in the amount of $5,040, arguing that

"unreasonable and vexatious conduct" by Plaintiff's counsel needlessly "multiplied these

proceedings." After considering the parties' written submissions and oral argument, the Court

DENIES Plaintiff's motion for attorney's fees, DENIES Defendant's cross-motion for attorney's

fees, and GRANTS Plaintiff's cost bill in the amount of $625, for the reasons stated below.

## APPLICABLE STATUTES

**A.    Prevailing Party Attorney's Fees Under the Copyright Act**

The Copyright Act provides, in relevant part:

> In any civil action under this title, a court in its discretion may
> allow the recovery of full costs by or against any party other than
> the United States or an officer thereof. Except as otherwise
> provided by this title, ***the court may also award a reasonable
> attorney's fee to the prevailing party*** as part of the costs.

17 U.S.C. § 505 (emphasis added).

**B.    Attorney's Fees Under 28 U.S.C. § 1927**

Federal law allows a court to impose an award of attorney's fees against an attorney who

unreasonably and vexatiously multiplies the proceedings in any federal action.

> Any attorney or other person admitted to conduct cases in any
> court of the United States or any Territory thereof who so
> multiplies the proceedings in any case unreasonably and
> vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred
> because of such conduct.

28 U.S.C. § 1927.

## BACKGROUND

Plaintiff filed this lawsuit on March 17, 2015, alleging a single claim of copyright

infringement against a defendant identified only by an internet protocol ("IP") address. ECF 1.

According to Plaintiff, Defendant, without Plaintiff's permission or consent, copied and distributed Plaintiff's motion picture, *NDCC*, through a BitTorrent protocol or torrent, which is a type of software that facilitates peer-to-peer file sharing over the internet. With its Complaint, Plaintiff filed an *ex parte* motion to allow third-party discovery from a specified internet service provider ("ISP") for the purpose of identifying the subscriber and account holder assigned the IP address used by Defendant. ECF 5. The Court granted Plaintiff's motion. ECF 6. On April 27, 2015, the ISP identified for Plaintiff a single-party subscriber affiliated with Defendant's IP address. ECF 7. Plaintiff's counsel then sent a demand letter to that subscriber. *Id*. The subscriber is Defendant's wife.

In May and June 2015, Defendant's wife received several letters from Plaintiff's counsel, alleging copyright infringement of the movie *NDCC*. She had never heard of that movie or of BitTorrent, and she believed that she was being scammed. She ignored the letters. ECF 29, ¶ 4. After she was served with a subpoena demanding her attendance at a deposition, she realized that the matter was real. She contacted Plaintiff's counsel on June 17, 2015, and began cooperating with Plaintiff's counsel. She also contacted her aunt, an Oregon attorney, who later entered an appearance on behalf of Defendant in this matter ("Defendant's attorney"). *Id.*

Defendant's attorney called Plaintiff's counsel on June 19. Plaintiff previously had scheduled the deposition of Defendant's wife to occur on Thursday, June 25. Defendant's attorney asked that the deposition be postponed so that she could complete "some basic investigation." Plaintiff's counsel said that he would postpone the deposition only until July 6, adding that if that were not sufficient Defendant's attorney could move to quash the deposition. ECF 29, ¶ 5; ECF 28-1 at 2; ECF 30-2 at 14. Defendant's attorney, an experienced trial lawyer in Oregon since 1981, ECF 29, ¶ 3, explained that she did not want to quash the subpoena, but

merely to postpone the deposition while she investigates the matter. *Id.* at ¶ 5. Plaintiff refused. ECF 28-1 at 2.

Defendant's attorney then acted quickly to obtain technical assistance. Someone from her office inspected the computer owned by Defendant's wife and learned that Defendant sometimes used BitTorrent–type websites on his wife's computer to download movies. Defendant, however, did not remember either downloading or watching *NDCC*, and he expressed "confusion and astonishment" at the huge number of titles allegedly downloaded each day as shown on the lists provided by Plaintiff's counsel, many of which Defendant did not recognize and claims never to have downloaded. On July 1, Defendant's attorney confirmed to Plaintiff's counsel that a BitTorrent downloading utility had in fact been used by Defendant on his wife's computer. *Id.* at 6. Defendant's attorney then sent an email to Plaintiff's counsel on July 1, stating: "There have been some developments in this case that I need to talk to you about. . . . We would like to discuss settlement of this matter." ECF 28-1 at 2.

The following day, July 2, Defendant's attorney sent another email to Plaintiff's counsel. She confirmed that her "IT" expert looked at Defendant's wife's computer and "found the movie in question had been downloaded." Defendant's attorney added that Defendant "apparently downloaded the movie although he does not remember doing so and he never watched it." Defendant also admitted to using BitTorrent, said that he "had no idea it was an illegal website and is very embarrassed and sorry. He will not ever do anything like this again." ECF 28-1 at 2-3. Defendant's attorney closed her email as follows: "I am trying to admit liability on behalf of [Defendant] and settle this matter without adding unnecessarily to your time on this case. Would it be helpful if [Defendant] joins us at the deposition on Monday? You can put him under oath and we will waive notice, if you wish." *Id.*

On July 5, Plaintiff's counsel responded by demanding $8,500 for "all costs, fees and the statutory minimum damages." ECF 28-1 at 3. On July 6, Defendant, through his attorney, agreed to a permanent injunction and payment of the statutory minimum of $750. ECF 28-1 at 3-4. Plaintiff's counsel reiterated his demand for $8,500, adding that the release provided to Defendant could be expanded to include "*American Heist* and one other Voltage [Pictures LLC] related title, and we can expressly include this in the settlement if you[r] client would like at no extra fee." ECF 28-1 at 5. Defendant rejected this demand. Defendant's attorney explained that Defendant and his wife did not have "much money," they recently had a baby in November 2013, and Defendant's attorney and her law firm were representing Defendant and his wife without charge because Defendant's wife was the niece of Defendant's attorney. *Id.*

On July 6, Defendant filed an unopposed motion to proceed anonymously. ECF 11. The Court granted the motion and allowed Defendant to be identified only as "Doe-73.164.181.226." ECF 13. On July 9, Plaintiff filed a First Amended Complaint. ECF 14. The only material change is that the new pleading identified Defendant as the husband of the subscriber disclosed by the ISP and alleged that Defendant used his wife's computer to download and distribute Plaintiff's motion picture and that a copy of Plaintiff's motion picture was found on Defendant's wife's computer. ECF 14, ¶¶ 11-14.

On July 10, Plaintiff's counsel caused an electronic summons to be generated to Defendant, in care of his attorney. ECF 15. Also on that date, Plaintiff's counsel asked whether Defendant's attorney would agree that the summons and complaint had been "properly served through the CM/ECF system." ECF 28-1 at 6. Defendant's attorney responded that Defendant "agrees to waive service," which "begins the running of the 60-day period to answer." *Id.* Plaintiff's counsel, however, replied on July 10 that this was unacceptable to Plaintiff and that

Plaintiff would proceed to effect "proper service." *Id*. Plaintiff formally served the law office of Defendant's attorney on July 15, using a commercial process server. ECF 16.

On July 11, Plaintiff reduced its settlement demand to $7,500. ECF 28-1 at 7. The following day, Defendant's attorney replied that Defendant was willing to offer judgment in the amount of $750 statutory damages, plus an injunction as demanded by Plaintiff, plus attorney's fees and costs in an amount to be determined by the Court. *Id.* at 8. Later that day, Plaintiff's counsel replied that an offer of judgment would not resolve Defendant's potential liability for any *other* movies that he may have downloaded—even though *NDCC* was the only movie alleged in either Plaintiff's Complaint or First Amended Complaint. *Id.*

Defendant's attorney asked for clarification: "In other words, if we make the $750 offer of judgment and the court orders that along with injunctive relief, fees and costs, your client will likely sue [Defendant] for 'distributing' the movie *American Heist*?' Do I have this right?" *Id.* at 9. Plaintiff's counsel responded that he

> can settle all claims against your client to any title in which Voltage [Pictures LLC] has an interest including *Countryman* [*NDCC*] and *American Heist* for $7,500.00, together with a consent judgment for an injunction. I will also accept an offer of judgment in this case for $750.00 minimum statutory damages and the prayed for relief of an injunction, costs and fees. I will then move for an injunction and then costs and fees. You will be free to oppose.

*Id.* Plaintiff's counsel added that he has also "been tasked with pursuing the infringer who used [Defendant's wife's IP address] to infringe *American Heist,*" and he clarified that *American Heist* would not be covered in any offer of judgment "in this case" for $750. *Id.* Defendant's attorney responded that Defendant was unwilling to settle for statutory minimum damages "unless the release includes all other potential claims by your client or other related owners of titles for which claims could be made against [Defendant]." *Id.* at 12.

On July 30, 2015, Defendant's attorney filed Defendant's Answer to the First Amended Complaint. ECF 17. Defendant *admitted* all material allegations needed to establish liability. *Id.* at ¶ 5 (pleading that "Defendant Doe admits that he downloaded plaintiff's motion picture, however, he did not knowingly share the movie. Although the BitTorrent network may have caused the motion picture to be shared, Defendant Doe did not take action himself to distribute the motion picture in any way").

On August 3, Defendant offered to settle the pending claim and "all other potential claims" against Defendant for an injunction plus payment of $2,250, which includes attorney's fees and costs. ECF 28-1 at 12. Plaintiff responded on August 5 by demanding $5,500 to settle only *NDCC* and threatened to file a motion for judgment on the pleadings if the matter were not settled. Plaintiff's counsel added that this offer "remains open until substantial work is performed on the anticipated dispositive motion." *Id.* at 13. Plaintiff's counsel also stated that his client would be willing also to settle *American Heist* for an additional $750. *Id.* at 14.

On August 18, Plaintiff filed its motion for judgment on the pleadings. ECF 18. In the opening paragraph of Plaintiff's motion, under the heading "Conferral," Plaintiff acknowledged that the parties had conferred, adding that Plaintiff is aware that Defendant is "prepared to accept a judgment on the pleadings based on the Answer of record." *Id.*

On August 19, Plaintiff's counsel increased his demand to $6,000 to settle only *NDCC*, and Plaintiff also kept open the offer to settle *American Heist* for an additional $750. ECF 28-1 at 15. Later that day, Defendant offered $3,000 to settle all claims on both movies. *Id.* Plaintiff's counsel responded that he will proceed with prosecuting Plaintiff's pending motion for judgment on the pleadings. *Id.* at 16.

PAGE 7 – OPINION AND ORDER

On September 3, Defendant filed his response to Plaintiff's motion for judgment on the pleadings. In its entirety, Defendant's response states:

> Defendant has no objections to Plaintiff's Motion for Judgment on the Pleadings. Defendant submits, however, that the motion was unnecessary. Defendant arranged to have his wife's computer investigated, admitted his liability to plaintiff, and has attempted to settle this case with offers of statutory damages, attorney fees, court costs, and injunction. Defendant reserves his right to object to Plaintiff's attorney's motion for attorney fees.

ECF 20 at 1. On September 7, Plaintiff filed its reply in support of Plaintiff's motion for judgment on the pleadings. The entirety of Plaintiff's reply reads:

> Plaintiff replies to accept defendant's offer of statutory damages, attorney fees, court costs, and injunction and request a judgment for minimum statutory damages ($750) and injunction in plaintiff's favor be entered in accordance with the offer of defendant and this matter proceed for an award of costs and fees pursuant to FRCP 54.

ECF 21 at 1. Also on September 7, Plaintiff's counsel wrote to Defendant's attorney to indicate that Plaintiff would settle this case for "the sum of $8,000." ECF 28-1 at 17.

On September 8, the Court issued its Opinion and Order, granting Plaintiff's motion for judgment on the pleadings, ECF 22, and entering Judgment in favor of Plaintiff and against Defendant. ECF 23. In its Opinion and Order, the Court declined "to decide whether Defendant acted willfully or recklessly because Plaintiff has not requested any increase in statutory damages that such actions might permit." ECF 22 at 3. In the Judgment, the Court ordered Defendant "to (1) pay Countryman [Plaintiff] statutory damages of $750; (2) cease all activities infringing on Countryman's rights in the motion picture *The Necessary Death of Charlie Countryman* ('*NDCC*'); and (3) destroy all Defendant's unauthorized copies of *NDCC*." ECF 23.

Plaintiff's motion for attorney's fees and costs timely followed. Plaintiff seeks attorney's fees in the amount of $8,767.20 and costs in the amount of $684. ECF 25 and ECF 27. Defendant

responds that Plaintiff is entitled to reasonable and necessary attorney's fees and costs under 17 U.S.C. § 505, but argues that Plaintiff should only be awarded attorney's fees in the amount of $2,896. ECF 28. According to Defendant, this amount represents "the work reasonably and necessarily performed in this case until July 2, 2015, at which point Plaintiff's counsel multiplied the proceedings and prevented the case from settling." *Id.* at 1. Defendant also objects to $114 of the costs claimed by Plaintiff for "unnecessarily and unreasonably serving Plaintiff's counsel with the summons and amended complaint July 15, 2015." *Id.*

In a separate motion, Defendant cross moves for Defendant's attorney's fees under 28 U.S.C. § 1927 in the amount of $5,040.00, arguing that "unreasonable and vexatious conduct" by Plaintiff's counsel needlessly "multiplied these proceedings." ECF 30. Plaintiff opposes Defendant's cross motion for attorney's fees. ECF 33.

**DISCUSSION**

**A.    Plaintiff's Motion for Attorney's Fees Under the Copyright Act**

**1.    The Court's discretion to award or deny attorney's fees in copyright cases**

In *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994), the Supreme Court resolved two questions concerning the proper interpretation of the statute governing attorney's fees in copyright cases, 17 U.S.C. § 505. The first question was whether there was a dual standard for awarding prevailing party attorney's fees in a copyright case, depending on whether the prevailing party successfully prosecuted a claim of copyright infringement or whether the prevailing party successfully defended against such a claim. The Court rejected a dual standard and held that prevailing plaintiffs and prevailing defendants must be treated alike. The second question was whether a prevailing party in a copyright case was automatically entitled to an award of attorney's fees, following the "British Rule," or whether a court has discretion over whether to grant or deny prevailing party attorney's fees. The Court held the latter.

In explaining its reasoning on the second question, the Supreme Court stated:

> First, just as the plain language of § 505 supports petitioner's claim for disapproving the dual standard, it cuts against him in arguing for the British Rule. The statute says that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." The word "may" clearly connotes discretion. The automatic awarding of attorney's fees to the prevailing party would pretermit the exercise of that discretion.
>
> Second, we are mindful that Congress legislates against the strong background of the American Rule. Unlike Britain where counsel fees are regularly awarded to the prevailing party, it is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees. *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 247–262 (1975) (tracing the origins and development of the American Rule); *Flight Attendants v. Zipes*, 491 U.S. [754], 758 [(1989)]. While § 505 is one situation in which Congress has modified the American Rule to allow an award of attorney's fees in the court's discretion, we find it impossible to believe that Congress, without more, intended to adopt the British Rule. Such a bold departure from traditional practice would have surely drawn more explicit statutory language and legislative comment. *Cf. Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952) ("Statutes which invade the common law . . . are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident"). Not surprisingly, no court has held that § 505 (or its predecessor statute) adopted the British Rule.
>
> Thus we reject both the "dual standard" adopted by several of the Courts of Appeals and petitioner's claim that § 505 enacted the British Rule for automatic recovery of attorney's fees by the prevailing party. Prevailing plaintiffs and prevailing defendants are to be treated alike, ***but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion***. "There is no precise rule or formula for making these determinations," but instead equitable discretion should be exercised "in light of the considerations we have identified." *Hensley v. Eckerhart*, 461 U.S. 424, 436–437 (1983).

*Fogerty*, 510 U.S. at 533-34 (emphasis added). In a footnote, the Supreme Court then identified "several *nonexclusive* factors to guide courts' discretion," including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the

need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 534 n.19 (emphasis added) (citation and quotation marks omitted).

In several copyright cases, courts have denied attorney's fees even to prevailing plaintiffs. For example, in *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001), the district court entered judgment in favor of the plaintiff in a case alleging copyright infringement. The jury awarded the plaintiff copyright holder substantial statutory damages, but the district court denied the plaintiff's motion for attorney's fees. The Ninth Circuit affirmed that decision, holding:

> In deciding whether to award fees, the district court should consider "the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). A district court's decision whether to award attorneys' fees under the Copyright Act is reviewed for an abuse of discretion. *Yount v. Acuff Rose–Opryland*, 103 F.3d 830, 836 (9th Cir. 1996).
>
> We find that the district court applied the proper legal test and did not abuse its discretion in denying Columbia's motion. *Jackson*, 25 F.3d at 890. The district court's decision denying Columbia's motion for attorneys' fees is therefore affirmed.

*Columbia Pictures*, 259 F.3d at 1197.

In another case, the Sixth Circuit affirmed a district court's decision not to award attorney's fees to a prevailing plaintiff in a copyright infringement case, even though the plaintiff proved willful infringement. In *Ronald Mayotte & Associates v. MGC Building Co.*, 149 F.3d 1184, 47 U.S.P.Q.2d 1696, 1998 WL 385905 (6th Cir. 1998) (unpublished), the district court found that the defendants had willfully infringed the plaintiffs' copyright and awarded damages. Thus, the plaintiffs were the prevailing parties. The court, however, refused to award the prevailing plaintiffs any attorney's fees because of the behavior of the plaintiffs' attorneys in

litigating the case. Among other things, the court explained that the plaintiffs responded

frivolously and with objective unreasonableness to the defendants' repeated requests for

discovery. The court further noted that considerations of deterrence supported the denial of the

plaintiffs' attorney's fees in this case. Although two circuit judges voted to affirm the district

court, one circuit judge dissented. The dissenting judge would have reversed the district court's

denial of attorney's fees because the district court did not, in that judge's view, base its decision

on the approved *Fogerty* factors or in accordance with the purposes of the Copyright Act.

The Ninth Circuit, however, has concluded that the *Fogerty* factors are not exclusive. In

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 695 F.3d 946 (9th Cir. 2012), *rev'd on other*

*grounds*, --- U.S. ---, 134 S. Ct. 1962 (2014), the Ninth Circuit affirmed the district court's denial

of a motion for attorney's fees brought by a prevailing defendant in a copyright case. The Ninth

Circuit held:

> Under the Copyright Act, a district court has discretion to award
> attorney's fees to the prevailing party. *See* 17 U.S.C. § 505; *see*
> *also Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (reading § 505
> as giving a district court broad discretion in deciding whether to
> award fees). "A district court's fee award does not constitute an
> abuse of discretion unless it is based on an inaccurate view of the
> law or a clearly erroneous finding of fact." *Fantasy, Inc. v.*
> *Fogerty*, 94 F.3d 553, 556 (9th Cir. 1996) (internal quotation
> marks omitted). "In deciding whether to award fees under the
> Copyright Act, the district court should consider, ***among other***
> ***things***: the degree of success obtained on the claim; frivolousness;
> motivation; objective reasonableness of factual and legal
> arguments; and need for compensation and deterrence." *Maljack*
> *Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889
> (9th Cir. 1996).
>
> In denying attorney's fees, the district court evaluated several of
> these factors. . . . [T]he district court did not abuse its discretion by
> denying attorney's fees.

*Petrella*, 695 F.3d at 957 (emphasis added). Indeed, the Supreme Court in *Fogerty* expressly stated that the set of identified factors to guide a court's discretion is a "nonexclusive" list. *Fogerty*, 510 U.S. at 534 n.19.

In a unanimous decision, the Supreme Court recently reaffirmed and clarified that "§ 505 grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, --- S. Ct. ---, 2016 WL 3317564 (June 16, 2016), at *4. The Supreme Court observed:

> As we recognized in *Fogerty*, §505 confers broad discretion on district courts and, in deciding whether to fee-shift, they must take into account a range of considerations beyond the reasonableness of litigating positions. . . . That means in any given case a court may award fees even though the losing party offered reasonable arguments (or, conversely, deny fees even though the losing party made unreasonable ones). ***For example, a court may order fee-shifting because of a party's litigation misconduct, whatever the reasonableness of his claims or defenses***. *See, e.g., Viva Video, Inc. v. Cabrera*, 9 Fed. Appx. 77, 80 (CA2 2001). Or a court may do so to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, again even if the losing position was reasonable in a particular case. *See, e.g., Bridgeport Music, Inc. v. WB Music Corp.*, 520 F. 3d 588, 593-595 (CA6 2008) (awarding fees against a copyright holder who filed hundreds of suits on an over-broad legal theory, including in a subset of cases in which it was objectively reasonable). Although objective reasonableness carries significant weight, courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals.

*Id.* at *7 (emphasis added).

Finally, a leading copyright treatise notes that attorney's fees have been awarded where a party conducted copyright litigation in a manner calculated "to increase the opposing party's costs." 5 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT § 14.10[D][1] (2015). The same principle justifies denying attorney's fees, even to a prevailing plaintiff, when that plaintiff conducted litigation in a manner calculated to increase the opposing party's costs.

### 2.    The Court's discretion applied

From the very beginning of this case, Plaintiffs' counsel conducted this litigation in a manner calculated to increase the opposing party's costs—and, at the same time, to increase the bases for Plaintiff's own fee petition. When an attorney first appears in a case and requests a reasonable extension of time to investigate the dispute before having to appear at the deposition of a third-party, professionalism demands that a reasonable extension of time be granted, at least in the absence of undue prejudice. Here, Plaintiff's counsel denied that request to Defendant's attorney, and no undue prejudice that would have resulted from a reasonable extension is apparent.

In addition, after promptly conducting an investigation, Defendant's attorney told Plaintiff's counsel that Defendant would not be denying liability. Nevertheless, Plaintiff's counsel proceeded to prepare and file an amended complaint and effect formal service using a commercial process server, notwithstanding the agreement by Defendant's attorney to accept process and waive service. Further, notwithstanding Defendant's concession of liability in his answer, Plaintiff prepared and filed a motion for judgment on the pleadings, and also filed a reply in support of that motion that was completely unnecessary under the circumstances presented in this case.

This type of litigation conduct needlessly increases the expenses of all parties. It violates the principles underlying Rule 1 of the Federal Rules of Civil Procedure, which provides that these rules should be "employed by the court ***and the parties*** to secure the just, speedy, and ***inexpensive*** determination of every action and proceeding." (emphasis added). In addition, this type of litigation conduct also is contrary to the objectives of the Copyright Act. That statute attempts to strike a balance between "encouraging and rewarding authors' creations while also enabling others to build on that work." *See Kirtsaeng* at *5, citing *Fogerty*, 510 U.S. at 526.

PAGE 14 – OPINION AND ORDER

Litigation conduct that needlessly increases the expense of resolving copyright disputes neither encourages innovation nor appropriately rewards an author's creation. Further, it appears to this Court that one of the primary objectives of Plaintiff in undertaking the litigation conduct described was to increase the bases for a prevailing party fee petition. That, too, is not the sort of conduct that furthers the objectives of the Copyright Act or should be rewarded. For all of these reasons, under the totality of the circumstances presented, the Court exercises its discretion to deny Plaintiff any attorney's fees, notwithstanding the fact that Plaintiff has prevailed on the merits of its copyright claim.

**B.        Defendant's Cross-Motion for Attorney's Fees Under 28 U.S.C. § 1927**

A federal court may assess attorney's fees against any attorney, whether prevailing or otherwise, "who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927. Although a finding of bad faith is not required before a court may award fees under this section, mere negligence, even gross negligence, is insufficient. *Blumberg v. Yagman*, 152 Fed. Appx. 652, 654 (9th Cir. 2005) ("We emphasize that only conduct rising to the level of maliciousness, vexatiousness or bad faith warrants section 1927 sanctions; negligence—even gross negligence—is not enough.").

A court should be cautious before finding a violation of 28 U.S.C. § 1927 and imposing a sanction against an individual attorney under this provision. The Court is denying Plaintiff's motion for attorney's fees as a discretionary matter under § 505 of the Copyright Act. That should be sufficient both to deter inappropriate litigation conduct in the future and to ensure that Defendant in this case is treated fairly. Accordingly, the Court declines to award attorney's fees to Defendant under § 1927.

**C.    Plaintiff's Cost Bill**

The Court has reviewed Plaintiff's cost bill and finds it appropriate except for the $59

sought for Plaintiff's commercial process server paid for service of the First Amended

Complaint. *See* ECF. 26, ¶ 15.

**CONCLUSION**

Plaintiff's motion for attorney's fees (ECF 25) and Defendant's cross-motion for

attorney's fees (ECF 30) are DENIED. Plaintiff's Bill of Costs (ECF 27) is GRANTED IN

PART. Costs are awarded in the amount of $625.

**IT IS SO ORDERED**.

DATED this 17th day of June, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge
